# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| DENNY DENSMORE, ) <br> ) <br> ) <br> PLAINTIFF, ) <br> ) <br> vs. ) <br> ) <br> NATIONAL BOARD OF MEDICAL ) <br> EXAMINERS, ) <br> ) <br> DEFENDANT. ) <br> ) | **C.A. NO. 2:14-CV-2082-MBS** <br><br><br><br><br> **MEMORANDUM IN SUPPORT OF** <br> **DEFENDANT'S MOTION TO DISMISS** |

The Defendant, National Board of Medical Examiners ("NBME") (hereafter "Defendant" or "NBME"), by and through its undersigned counsel, hereby submits this memorandum of law in support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Plaintiff's Complaint asserts a claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, seeking an injunction requiring NBME to provide Plaintiff the requested accommodation of double the amount of standard testing time. Plaintiff alleges that NBME's denial of his request for testing accommodations violated the ADA.[1] Plaintiff's claim against NBME fails because it is barred by the statute of limitations and fails to set out facts sufficient to allege that he is "disabled" for purposes of the ADA.

Defendant NBME is a not-for-profit organization that together with the Federation of State Medical Boards develops and administers the United States Medical Licensing Examination ("USMLE").[2] The USMLE is a standardized test composed of three "Steps" that is used as part of

---

[1] Plaintiff's Complaint ¶¶ 1, 25–26, 40.
[2] Plaintiff's Complaint ¶¶ 3, 10.

the process for licensing physicians in the United States.[3] The USMLE Step 2 Clinical Knowledge (CK) and Step 2 Clinical Skills (CS) are the examinations at issue here.[4]

NBME is responsible for providing that the USMLE exams are administered under standard conditions that insure the integrity of test scores, thereby protecting the public's interest in the competence of individuals who receive a license to practice medicine.[5] It is important that no candidate or group of candidates receives an unfair advantage in the administration of the exam.[6]

Under §12189 of Title III of the Americans with Disabilities Act, any private entity "that offers examinations . . . related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations . . . in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals."[7] NBME therefore provides reasonable and appropriate accommodations, which may include extra testing time, only for individuals with documented disabilities who qualify as "disabled" under the Americans with Disabilities Act and its Amendments.[8]

According to the Complaint, Plaintiff is a former medical student at the Medical University of South Carolina ("MUSC").[9] Plaintiff asserts he completed his fourth and final year at MUSC,

---

[3] Plaintiff's Complaint ¶ 3.
[4] Plaintiff's Complaint asserts that NBME violated his rights under the ADA by denying him testing accommodations, including double the amount of standard testing time on Step 2 CK and Step 2 CS. *See* Plaintiff's Complaint ¶¶ 1, 7, 25–26, 40.
[5] *Scheibe v. Nat'l Bd. of Med. Exam'rs*, 424 F. Supp. 2d 1140, 1142 (W.D. Wisc. 2006); *see also Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 88–89 (2d. Cir. 2004); *Mahmood v. Nat'l Bd. of Med. Exam'rs*, 2012 WL 2368462, at *5 (E.D. Pa. June 21, 2012) (noting NBME has a public interest in keeping its testing services professional and reliable).
[6] *Scheibe v. Nat'l Bd. of Med. Exam'rs*, 424 F. Supp. 2d at 1142.
[7] 42 U.S.C. § 12189.
[8] Plaintiff's Complaint ¶¶ 11, 18; *see also Scheibe v. Nat'l Bd. of Med. Exam'rs*, 424 F. Supp. 2d at 1142–43.
[9] Plaintiff's Complaint ¶¶ 1–2, 7.

but did not graduate with his class in May 2008.[10]  According to the Complaint, MUSC requires students to pass the Step 2 CK and Step 2 CS exams to graduate and be granted the M.D. degree.[11] The Complaint states Plaintiff was dismissed from MUSC.[12]  Plaintiff's Complaint contends he "has been unable to graduate from medical school education in the same manner as his MUSC classmates because he has not successfully completed the Step 2 Exams."[13]

Plaintiff asserts that he has been diagnosed with the specific learning disabilities of Attention Deficit Hyperactivity Disorder ("ADHD") and reading disorder.[14]  Plaintiff alleges that based on these diagnoses he is "disabled" for purposes of the ADA because he has an impairment that substantially limits one or more of his major life activities as compared to "*most people of a similar educational background*."[15]

Plaintiff's claim arises directly from NBME's denial of his request for accommodations. The Complaint states that NBME denied Plaintiff accommodations, that he failed Step 2 CK and Step 2 CS three times under standard testing conditions, and "[*a*]*s a result*, he was not allowed to graduate from MUSC with his class in May of 2008 and was dismissed from the medical school and university."[16]  Plaintiff's Complaint asserts that NBME violated Plaintiff's rights under the ADA by denying him testing accommodations, including double the amount of standard testing time on Step 2 CK and Step 2 CS.[17]

Plaintiff seeks a permanent injunction (1) prohibiting NBME from refusing to

---

[10] Plaintiff's Complaint ¶ 2.
[11] Plaintiff's Complaint ¶ 9.
[12] Plaintiff's Complaint ¶ 12.
[13] Plaintiff's Complaint ¶ 14.
[14] Plaintiff's Complaint ¶ 8.
[15] Plaintiff's Complaint ¶ 13 (emphasis added); *see also* Plaintiff's Complaint ¶¶ 16, 22–23.
[16] Plaintiff's Complaint ¶ 2 (emphasis added); s*ee also* Plaintiff's Complaint ¶ 1, 7, 12–14, 25–26, 40.
[17] Plaintiff's Complaint ¶¶ 1–2, 7, 12–14, 25–26, 40.

accommodate Plaintiff's alleged disability, and (2) compelling NBME to comply with the ADA by providing the requested time accommodation on the Step 2 CK and Step 2 CS exams and "any future Step Exams to be taken by [Plaintiff]" or such "future Step Exams for which [Plaintiff] is otherwise entitled to sit for and for which he otherwise makes proper application."[18]

Although Plaintiff's claim is based on NBME's denial of testing accommodations, the Complaint is silent as to the date when Plaintiff received notice of the denial.[19]  Because the denial of accommodations is integral to Plaintiff's claim, the Court may consider NBME's denial

---

[18] Plaintiff's Complaint ¶¶ 1, 41.
[19] Plaintiff's Complaint ¶¶ 1–2, 7, 12–14, 25–26, 40.

letter even though the letter is not attached to the complaint or otherwise incorporated into it.[20]

A copy of NBME's March 20, 2013 letter to the Plaintiff notifying him of its decision to deny the testing accommodations is therefore attached hereto as Exhibit A.[21]

Defendant NBME's Motion to Dismiss is based on the grounds that Plaintiff's Complaint fails to sufficiently set forth a claim for which he is entitled to relief pursuant to Rule 12(b)(6) of

---

[20] To the extent Plaintiff may argue that the Court cannot consider the letter on a motion to dismiss or that considering it converts the motion to one for summary judgment, Plaintiff is wrong. The denial letter does not constitute matter "outside the complaint" because it is the very action which is the basis of Plaintiff's claim. The Fourth Circuit held in *American Chiropractic Association v. Trigon Healthcare*, "Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Assoc., Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citing *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). *See, Gasner v. The County of Dinwiddie*, 162 F.R.D. 280 (E.D. Va. 1995) (holding that "[c]ases from around the nation suggest that most courts have declared reliance [on documents not attached to the complaint but which are central to the claim] is permissible without converting the motion into one for summary judgment"), citing *Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 196 (3d Cir. 1993) ("a court may consider an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document") *cert. denied*, 510 U.S.C. 1042 (1994)). *See also, Witthon v. Federal Insurance Co*, 164 Fed. Appx. 395 (4th Cir. 2006) ("A court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed"); *accord. Cortec Indust., Inc. v. Summ Holding L.P.*, 949 F.2d 42 (1991) (holding the court could consider documents of which the plaintiff had actual notice and were integral to their claim in ruling on the motion to dismiss even though those documents were not incorporated into the complaint by reference nor attached to the complaint). This exception to the general rule is justified on the ground that, "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where the plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Am. Chiropractic Assoc., Inc.*, 367 F.3d at 234 (citation omitted) (finding the extraneous documents attached to the defendant's motion to dismiss were central to plaintiff's claims and integral in framing the complaint).

[21] The denial letter is directed to Plaintiff at an address in Washington, New Hampshire. NBME offers the letter to show only that NBME denied Plaintiff's request for accommodations on March 20, 2013. Since NBME's denial of Plaintiff's request for accommodations is the basis for Plaintiff's claim under the ADA, it is integral to Plaintiff's Complaint and proper for the Court's consideration. The letter establishes that Plaintiff had notice of the denial more than one year and two months before he filed this suit.

the Federal Rules of Civil Procedure.  NBME's Motion is further based on the following grounds:

    I.      Plaintiff's claim is barred by the applicable statute of limitations.

    II.     Plaintiff's Complaint fails to provide facts sufficient to state an ADA claim because it does not allege facts showing Plaintiff is disabled in accordance with the ADA, and instead alleges he is disabled in comparison to individuals with similar education and training, which is not the appropriate comparison group for establishing disability under the ADA.

## STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss for "failure to state a claim upon which relief can be granted."[22]  When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.[23]  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[24]  On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief."[25]  A complaint must contain sufficient factual allegations in addition to legal conclusions.  Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do."[26]  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[27]  "Facts pled that are

---

[22] FRCP, Rule 12(b)(6).
[23] *See Burnett v. Mortg. Elec. Registration Sys., Inc.,* 706 F.3d 1231, 1235 (10th Cir. 2013).
[24] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).
[25] *Id.* at 679.
[26] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).
[27] *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).

'merely consistent with' liability are not sufficient."[28]

## ARGUMENTS AND CITATION OF AUTHORITY

### I.     Plaintiff's claim is barred by the applicable statute of limitations.

Plaintiff asserts he "repeatedly requested" time accommodations on the Step 2 exams, but sat for both Step 2 CK and Step 2 CS under standard conditions because NBME had denied his accommodations request.[29]  NBME notified Plaintiff in writing via letter dated March 20, 2013, attached hereto as Exhibit A, that his request for accommodations was denied.[30]  The letter gave Plaintiff notice of NBME's denial of his request for testing accommodations on USMLE Step 2 CK AND Step 2 CS.  As Plaintiff's Title III claim is based on NBME's denial of testing accommodations, the denial letter is central to Plaintiff's Complaint and integral to establishing his ADA claim against NBME.[31]  Based upon the March 20, 2013 letter and the fact that Plaintiff filed this suit on May 29, 2014, Plaintiff's claim is time barred.

The ADA does not contain a statute of limitations.  Therefore federal courts look to state law to determine the appropriate statute of limitations.[32]  In the Fourth Circuit, the statute of limitations for claims filed pursuant to the ADA "is governed by the limitations periods set forth

---

[28] *A Soc'y Without a Name v. Virginia,* 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Iqbal,* 556 U.S. at 678).
[29] Plaintiff's Complaint ¶ 7.
[30] See Ex. A.  *Am. Chiropractic Assoc., Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citing *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).  See also, *Supra* n. 20.
[31] *Am. Chiropractic Assoc., Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted)
[32] *Mestrich v. Clemson Univ.*, CA 8:12-2766-TMC, 2013 WL 842328, *2 (D.S.C. Mar. 6, 2013).

in state laws prohibiting discrimination on the basis of disability."[33] In South Carolina the applicable statute of limitations for claims filed pursuant to the ADA is the one-year statute of limitations set forth in the South Carolina Human Affairs Law ("SCHAL"), S.C. Code Ann. § 1-13-10, *et. seq.*[34] This one-year statute of limitations governs Plaintiff's claim under Title III of the ADA. "While the limitation period [for ADA claims] is borrowed from state law, accrual of a cause of action in a federal action is a question of federal law."[35] Plaintiff's Title III ADA claim accrued when he knew or had reason to know of the injury forming the basis of his action.[36]

In a similar case, *Mestrich v. Clemson University*,[37] the plaintiff asserted a claim under Title II of the ADA against a university for wrongful dismissal from a doctoral program. The Plaintiff argued that the university failed to provide him reasonable accommodations, including

---

[33] *Mestrich v. Clemson Univ.*, CA 8:12-2766-TMC, 2013 WL 842328, *3 (D.S.C. Mar. 6, 2013) (citation omitted) (recognizing that the Fourth Circuit has held that claims brought pursuant to the Rehabilitation Act—which is analyzed under the same standard as the ADA—are governed by the limitations periods set forth in state laws prohibiting discrimination on the basis of disability). The *Mestrich* Court acknowledged that when looking to the most appropriate statute in each individual state, the critical concern for the court is "uniformity within the state," not the federal circuit. *Id.* at *2. Accordingly, consistent with other District of South Carolina cases, the Court determined the South Carolina Human Affairs Law one-year statute of limitations applied to the plaintiff's ADA Title III claim. *Id.*, *2–3; *see also Cockrell v. Lexington Cnty. Sch. Dist. One*, 3:11-CV-2042-CMC, 2011 WL 5554811 (D.S.C. Nov. 15, 2011) (noting the SCHAL one-year statute of limitations barred the plaintiff's ADA claim).

[34] *Mestrich*, 2013 WL 842328 at *2–3 (finding the SCHAL one-year statute of limitations barred the plaintiff's claim alleging violation of his rights under the ADA).

[35] *Guerrero v. Weeks*, 2013 WL 523428 (E.D. Va. Sept. 16, 2013) (noting "causes of actions accrue under federal law when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.").

[36] *Id.*; *see also Burkhart v. Widener Univ., Inc.*, 70 F. App'x 52, 53 (3d Cir. 2003) (noting the "general rule is that the statute of limitations begins to run as soon as a right to institute and maintain suit arises.").

[37] *Mestrich*, 2013 WL 842328 (D.S.C. Mar. 6, 2013).

test accommodations, to complete the doctoral program's course requirements.[38] The *Mestrich* Court held that the one year statute of limitations contained in S.C. Code § 1-13-10 applied to Plaintiff's ADA claim, and dismissed Plaintiff's claim as time barred because he did not file his claim within one year of his alleged wrongful dismissal.[39]

There is no reason for a different result here. Plaintiff's Title III ADA claim is based on NBME's March 20, 2013 denial of accommodations. Even giving Plaintiff five additional days from the date of this letter because it was sent via U.S. Mail, Plaintiff had one year from March 25, 2013 to file this action within the statute of limitations. In other words, Plaintiff had until March 25, 2014 to file this action. Plaintiff did not file the present action until May 29, 2014, more than two months after the statute of limitations had run. Accordingly, Plaintiff's claim that NBME violated the ADA is barred by the applicable statute of limitations and should be dismissed.

**II.  Plaintiff's Complaint fails to state facts sufficient to state an ADA claim because it does not allege facts showing Plaintiff is disabled in accordance with the ADA, and instead alleges he is disabled in comparison to individuals with similar education and training, which is not the appropriate standard under the ADA.**

To state a claim under Title III of the ADA, the plaintiff must set out facts sufficient to plausibly allege he is disabled under the ADA.[40] "Disability" is defined, in relevant part, under the ADA as consisting of three parts: (1) the plaintiff suffers from a physical or mental impairment; (2) the impairment affects one or more major life activities; and (3) the impairment

---

[38] *Id.* at *1. The Court noted that the parties agreed that Mestrich's claims under Title II of the ADA for wrongful dismissal accrued at the time of his dismissal from the program. *Id.* at *2.
[39] *Id.* at *3.
[40] *White v. Sector*, 2010 WL 4630320 (W.D. Va. Nov. 5, 2010) (providing that to state a claim under Title III of the ADA a plaintiff must show, *inter alia*, that he is disabled within the meaning of the ADA).

"substantially limits" the alleged major life activity.[41] Having a diagnosed impairment is not the same thing as being "disabled" within the meaning of the ADA.[42] Indeed, the fact that a plaintiff "is clinically diagnosed as having a learning impairment does not automatically mean that he is entitled to an accommodation under the ADA."[43]

Here, Plaintiff alleges he has mental impairments—ADHD and reading disorder.[44] NBME acknowledges that the activities of reading and learning are major life activities recognized under the ADA.[45] However, Plaintiff has failed to allege facts sufficient to plausibly establish that his alleged mental impairments "substantially limit" his major life activities of reading and learning necessary to establish a disability in accordance with the ADA.

Whether an impairment "substantially limits" a major life activity is measured by

---

[41] 42 U.S.C. § 12102(1); *Heiko v. Colombo Sav. Bank,* 434 F.3d 249, 254 (4th Cir. 2006) (To constitute a disability within the meaning of the ADA, a plaintiff must show "(1) that he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial.").

[42] *Love v. Law Sch. Admission Council*, 513 F. Supp. 2d 206, 226 (E.D. Pa. Mar. 9, 2007) (noting that "[a]n impairment and a disability are two different things. In order to receive an accommodation under the [ADA, a plaintiff's] impairment must substantially limit [a major life activity] so as to [ ] restrict the condition, manner, and duration under which [a plaintiff can perform the task of the major life activity] as compared to the condition, manner, or duration under which the **average person in the general population can perform the same activity**."). *McGuinnes v. Univ. of N.M. Sch. of Med.*, 170 F.3d 974, 979 (10th Cir. 1998).

[43] *Love v. Law Sch. Admission Council*, 513 F. Supp. 2d at 226. *See also*, 29 C.F.R. § 1630.2(j) (providing that "not every impairment will constitute a disability within the meaning of [the ADA].").

[44] Defendant accepts for the purposes of this motion only the allegations in the Complaint that are not conclusory.

[45] 28 C.F.R. § 36, App. C.

comparison to **most people in the general population**.[46] Plaintiff's Complaint, however, alleges that his claimed impairment "substantially limits his activity of reading and learning, **in comparison to most people of similar education and training other medical students taking the Step 2 exams**."[47] In other words, Plaintiff only alleges that he has a disability when compared to other medical students. These allegations fail to allege a disability as recognized under the ADA.[48]

Paragraph 22 of the Complaint cites 28 C.F.R., pt. 36, App. B for the proposition that "[t]he 'substantially limited' standard for the major life activity of learning, reading, or writing, is established when 'the individual's important life activities are restricted as to the condition, manner or duration under which they can be performed in comparison to most people of similar

---

[46] 29 C.F.R. § 1630.2(j); *see also* 28 C.F.R. § 36, App. C (stating that a disability is based on whether it substantially limits the individual's major life activities is determined in comparison to most people); *Herzog v. Loyola Coll. in Maryland, Inc.*, CIV. A. RDB-07-02416, 2009 WL 3271246 (D. Md. Oct. 9, 2009) (requiring the plaintiff establish that his ability to learn is substantially limited as compared to the average person); *Love v. Law Sch. Admission Council*, 513 F. Supp. 2d at 226 (finding the plaintiff's learning impairment must substantially limit his ability to read so as to restrict the condition, manner, and duration, under which the plaintiff can perform the task of reading and processing information as compared to the average person in the general population performing the same activity).

[47] Plaintiff's Complaint ¶¶ 2, 22–23. (Emphasis added).

[48] 29 C.F.R. § 1630.2(j); 28 C.F.R. § 36, app. C.; *Herzog*, *supra*; *Love*, 513 F. Supp. 2d at 226. Although Plaintiff alleges in general terms throughout the Complaint that he has a "disability as defined by the ADA" or a condition that "constitutes a disability within the meaning of the ADA," such conclusory statements are legal conclusions which the Court does not have to take as true. *See Hamilton v. Alston Wilkes Soc.*, C/A 3:07-3404-JFA, 2009 WL 778559 (D.S.C. Mar. 20, 2009) ("The question of whether a plaintiff is disabled under the ADA, "and therefore can bring a claim under the statute, is a question of law for the court[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

education and training.'"[49] This language is not the standard for establishing a disability under the ADA, nor is this language found in 28 C.F.R., pt. 36, App. B. In fact, the Code of Federal Regulations states that a person with an impairment is considered to have a disability "when the individual's important life activities are restricted as to the conditions, manner, or duration under which they can be performed *in comparison to most people*."[50]

Plaintiff does not even attempt to allege in the Complaint that his disability substantially limits his reading and learning abilities in comparison to most people in the general population,

---

[49] Plaintiff cites 28 C.F.R., pt. 36, App. B as the source for the purported quotation from the regulation. In fact, upon a diligent and thorough review of the database of the Code of Federal Regulations dating back to 1984, available on Westlaw, it does not appear that the language quoted by Plaintiff has ever been the standard stated in the Code or any appendices to the Code. Plaintiff's counsel has litigated other ADA claims and knows the correct standard. For example, in paragraph 16 of the Original Complaint in *Gray v. Texas College of Osteopathic Medicine*, filed April 10, 2014 in United States District Court for the Northern District of Texas, and in paragraph 22 of the Amended Complaint filed on June 19, 2014 only two weeks after filing this complaint, counsel for Plaintiff stated: "[t]he 'substantially limited' standard for the major life activity of learning, reading, or writing, is established when 'the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed **in comparison to most people**," with the same erroneous citation to 28 CFR, pt. 36, App. B. *See Gray v. Texas Coll. Of Osteopathic Med.*, Compl. filed Apr. 10, 2014 and Amended Compl. filed June 19, 2014, C.A. No. 3:14-CV-0135 (N.D.Tx. 2014).

[50] 28 C.F.R., pt. 36, App. C.; *see also* 29 C.F.R. § 1630.2 (defining "substantially limits" as "[a]n impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity *as compared to most people in the general population*.") (emphasis added).

12

*i.e.* the average person.[51] Accordingly, Plaintiff has not stated a cognizable disability under the ADA and as such cannot state a claim for violation of the ADA.[52] Therefore, Plaintiff's Complaint should be dismissed.[53]

## CONCLUSION

Based on the foregoing arguments and authority, Defendant NBME respectfully request that this Court grant its Motion to Dismiss in its entirety and dismiss Plaintiff's Complaint, with prejudice.

---

[51] Indeed, Plaintiff's Complaint states conclusory allegations that his "learning disability impairs his reading ability to the point that his academic performance level as measured by standardized testing is lower than that expected in comparison to most people **of similar educational background** and is a disability within the meaning the of the ADA." Plaintiff's Complaint, ¶ 2. *See also* Plaintiff's Complaint ¶¶ 13, 23. Not only is this a legal conclusion which the Court does not have to accept as true, but Plaintiff also fails to assert any factual allegations supporting his conclusion that his learning impairments substantially limit his learning and reading capabilities in accordance with the ADA. *See Gilreath v. N. Carolina ex rel. Cumberland Cnty. Bd. of Educ.*, 2012 WL 1219765 (granting the defendant's motion to dismiss the plaintiff's ADA discrimination claim because the plaintiff failed to provide any factual allegations to support the conclusory legal assertions that he is a person who suffers from one or more impairments within the meaning of the ADA and that he is qualified individual within the meaning of the ADA); *Dodrill v. Alpharma, Inc.*, 2011 WL 3877076 (N.D. W.Va. July 13, 2011) (dismissing the plaintiff's complaint because he failed to allege the necessary elements of an ADA discrimination claim where plaintiff failed to identify a major life activity that was substantially limited by his impairment as well as any facts showing a substantial limitation resulting from his impairment); *see also Love v. Law Sch. Admission Council*, 513 F. Supp. 2d at 226 (finding the fact that a plaintiff "is clinically diagnosed has having a learning impairment does not automatically mean that he is entitled to an accommodation under the ADA."); *Iqbal*, 556 U.S. at 678 (2009) (finding that while a court must accept as true the allegations contained in a complaint, the requirement is inapplicable to legal conclusions and, as such, a plaintiff must allege facts that support a plausible claim for relief).

[52] *See White v. Sector*, *supra*; *Gilreath*, *supra*.

[53] *Parham v. Pepsico, Inc.*, 927 F. Supp. 177 (E.D.N.C. 1995) *aff'd,* 86 F.3d 1151 (4th Cir. 1996) ("Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing litigants the burdens of unnecessary pretrial and trial activity."); *Gilreath*, *supra*; *see also Ruffin v. N. Carolina Dep't of Correction*, 5:08-CV-521-BO, 2009 WL 8652844 (E.D.N.C. Apr. 30, 2009) *aff'd sub nom. Ruffin v. Dep't Of Corr.*, 351 F. App'x 841 (4th Cir. 2009) (dismissing the plaintiff's ADA claim because his allegations were not sufficient to show that he was regarded as disabled under the ADA).

YOUNG CLEMENT RIVERS, LLP

By: s/Carol B. Ervin
Carol B. Ervin, Esquire, Federal ID No. 734
E-mail: cervin@ycrlaw.com
Brian L. Quisenberry, Esquire, Federal ID No. 9684
E-mail: bquisenberry@ycrlaw.com
Stephanie N. Ramia, Esquire, Federal ID No. 11783
E-mail: sramia@ycrlaw.com
P.O. Box 993, Charleston, SC  29402-0993
25 Calhoun Street, Suite 400, Charleston, SC 29401
Telephone:  (843) 724-6641
Fax:  (843) 579-1331

*Attorneys for Defendant*

Charleston, South Carolina

Dated: August 18, 2014

14