# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| DENNY DENSMORE, | ) | C.A. NO. 2:14-CV-2082-MBS |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| | ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant National Board of Medical Examiners (hereafter "NBME") submits this Reply memorandum in support of its Motion to Dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT AND CITATION OF AUTHORITY

### I.   Plaintiff's claim is barred by the applicable statute of limitations.

Plaintiff's ADA claim is barred by the one-year statute of limitations applied to ADA claims in the District of South Carolina.[1]  Federal claims accrue when plaintiffs know or have

---

[1] *Mestrich v. Clemson Univ.*, CA 8:12-2766-TMC, 2013 WL 842328, *3 (D.S.C. Mar. 6, 2013) (citation omitted) (recognizing the Fourth Circuit precedent that claims brought pursuant to the Rehabilitation Act or the ADA are governed by the limitations period set forth in state laws prohibiting discrimination on the basis of disability).  Plaintiff does not dispute that the one-year statute of limitations applies and offers no argument to the contrary.  *See* Plaintiff's Memo. in Opp., p.7.

reason to know of the injury forming the basis of their action.[2]  Here, NBME's denial of Plaintiff's accommodation request is the injury forming the basis of his Title III ADA claim.  Plaintiff's claim therefore accrued when he knew or had reason to know of NBME's denial of his accommodation request.

Plaintiff received notice of NBME's decision denying Plaintiff's request for testing accommodations via NBME's letter dated March 20, 2013.[3]  Plaintiff does not dispute receiving NBME's March 20, 2013 denial of accommodations, nor does Plaintiff dispute the denial letter's authenticity.[4]  Plaintiff therefore knew of his alleged injury when he received NBME's denial letter.

Applying the one-year statute of limitations from the date of NBME's denial of accommodations, Plaintiff had until March 25, 2014 to file this action.[5]  Plaintiff did not file the present action until May 29, 2014, more than two months after the statute of limitations had run.

---

[2] "While the limitation period [for ADA claims] is borrowed from state law, accrual of a cause of action in a federal action is a question of federal law." *Guerrero v. Weeks*, 2013 WL 523428 (E.D. Va. Sept. 16, 2013) (noting, "causes of actions accrue under federal law when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.").  See also, *Del. State College v. Ricks*, 449 U.S. 250, 258 (1980) (stating, "the proper focus is upon the time of the discriminatory [act], not upon the time at which consequences of the [act] become most painful) (citation omitted); *Burkhart v. Widener Univ., Inc.*, 70 F. App'x 52, 53 (3d Cir. 2003) (noting the "general rule is that the statute of limitations begins to run as soon as a right to institute and maintain suit arises.").

[3] Attached as Exhibit A to Defendant NBME's Memorandum in Support of Motion to Dismiss.  Plaintiff does not challenge NBME's submission of the letter for the Court's review.  In fact, footnote 1 of Plaintiff's Memorandum in Opposition relies on NBME's argument favoring review of the March 20, 2013 letter by the Court as support for the court's review of the October 2013 letters Plaintiff attaches to his Memorandum in Opposition. Plaintiff therefore concedes that the letters submitted to the Court do not constitute matter "outside the complaint" because the denial of accommodations is the very action which is the basis of Plaintiff's claim.  See footnote 20 of Defendant NBME's Memorandum in Support of Motion to Dismiss.

[4] *See generally*, Plaintiff's Memo. in Opp.

[5] This date gives Plaintiff approximately five days to have received NBME's denial letter via U.S. Mail.

2

Accordingly, Plaintiff's ADA claim is barred by the applicable statute of limitations and should be dismissed.

Plaintiff fails to address the authorities cited by NBME which hold that a one-year statute of limitations governs ADA claims in South Carolina. Rather, in a desperate attempt to save his time-barred claim, Plaintiff contends his counsel's October 2013 letter threatening a lawsuit against NBME constitutes a "new" request for accommodations. Plaintiff further argues NBME's October 2013 letter acknowledging receipt of Plaintiff's threatening letter constitutes a "new" denial of accommodations. Based on this reasoning, Plaintiff claims his May 29, 2014 Complaint was filed within the one-year statute of limitations period.[6]

Plaintiff is wrong. The October 2013 correspondence between Plaintiff's attorney and NBME constituted a threat of a lawsuit in recognition of NBME's previous denial of accommodations to his client. The October 2013 lawsuit letter does not mention a new "request for accommodations" and NBME's October 2013 response does not mention a new "denial".[7]

Even if Plaintiff's October 2013 letter enclosing a "courtesy copy" of a lawsuit were deemed to be a request for reconsideration of NBME's prior denial decision, it would not extend

---

[6] Plaintiff makes no meritorious argument against applying the one-year statute of limitations under the S.C. Human Rights Law to ADA claims. Accordingly, Plaintiff concedes the applicable statute of limitations to his ADA Title III claim is one year. *See* Plaintiff's Memo. in Opp., p.7.

[7] A request for accommodation and a denial are necessary elements to set forth a claim under Title III *See Healy v. Nat'l Bd. of Osteopathic Med. Exam'rs, Inc.*, 870 F. Supp. 2d 607, 609 (S.D. Ind. May 3, 2012) ("In order to avail [oneself] of the protection of [29 U.S.C. §12189], [a plaintiff] must show that he is a person with a disability, that his requests for accommodation are reasonable, and that those requests were denied."). Moreover, Plaintiff cites to no authority for the proposition that a letter threatening a lawsuit constitutes a separate, discrete act of requesting accommodations. Nor does Plaintiff cite to any authority supporting the proposition that a letter acknowledging receipt of counsel's letter providing a courtesy copy of Plaintiff's Complaint constitutes a discrete act of denying an accommodations request.

the statute of limitations.[8] Significantly, the U.S. Supreme Court has held that "[m]ere requests to reconsider [ ] cannot extend the [applicable] limitations period[.]"[9] In *Delaware State College v. Ricks*, the plaintiff filed suit against his former employer alleging it discriminated against him when it denied his tenure request.[10] The U.S. Supreme Court held that the discrimination claim was properly dismissed as untimely.[11] The plaintiff argued that the limitations period did not commence until after the employer denied his subsequent grievance of the denial of tenure.[12] The Supreme Court disagreed.

> ***The only alleged discrimination occurred – and the filing limitations periods therefore commenced – at the time the tenure decision was made and communicated to Ricks***. This is so even though one of the effects of the denial of tenure – the eventual loss of a teaching position – did not occur until later. . . . [W]e think that the Board of Trustees had made clear well before September 12 that it had formally rejected Ricks' tenure bid. The June 26 letter itself characterized that as the Board's "official position." *Ibid.* It is apparent, of course, that the Board, in the June 26 letter, indicated a willingness to change its prior decision if Ricks' grievance were found to be meritorious. ***But entertaining a grievance complaining of the tenure decision does not suggest that the earlier decision was in any respect tentative. The grievance procedure, by its nature, is a remedy for a prior decision, not an opportunity to influence that decision before it is made.*** As to the latter argument, we already have held that ***the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods.***[13]

---

[8] Neither of the October 2013 letters that Plaintiff relies on contains a request for reconsideration or similar language.
[9] *Del. State College v. Ricks*, 449 U.S. 250, 261 n. 15 (1980).
[10] *Id.* at 261.
[11] *Id.*
[12] *Id.* at 259-261.
[13] *Id.* at 258-261 (emphasis added).

Likewise, the Fourth Circuit and numerous other courts have held that a "***refusal to undo a discriminatory decision is not a fresh act of discrimination.***"[14] Courts recognize that if arguments such as Plaintiff's here were accepted it "would as a practical matter eliminate the statute of limitations in ADA cases."[15]

In *Martin v. Southwestern Virginia Gas Co.*, the Fourth Circuit held the plaintiff's ADA claim was untimely.[16] The plaintiff in *Martin* argued that the defendant's refusal to consider the plaintiff's request for accommodation submitted months after the defendant decided to terminate the plaintiff's employment constituted a new discriminatory decision.[17] The Fourth Circuit disagreed and held that the defendant's refusal to consider the plaintiff's accommodation request "was merely a consequence" of the defendant's prior termination decision.[18] The Fourth Circuit held that the subsequent request after the decision had been made did not provide the plaintiff with a separate cause of action under the ADA.[19]

---

[14] *Martin v. Southwestern Virginia Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998) (emphasis added), quoting, *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 296 (7th Cir. 1995). See also, *Kennedy v. Chemical Waste Management, Inc.*, 79 F.3d 49, 51 (7th Cir. 1996); Conner v. Reckitt & Colman, Inc., 84 F.3d 1100, 1102 (8th Cir. 1996) (noting that allowing an ADA claimant "to restart the statute of limitations by sending a letter requesting reasonable accommodations after she has been unequivocally fired would destroy the statute of limitations.").

[15] *Martin v. Southwestern Virginia Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998), quoting, *Kennedy v. Chemical Waste Management, Inc.*, 79 F.3d 49, 51 (7th Cir. 1996).

[16] *Martin v. Southwestern Virginia Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998).

[17] *Id.* at 310.

[18] *Id.*

[19] *Id.*

The same reasoning applies here. NBME made a final decision to deny Plaintiff's accommodation request in March of 2013.[20] NBME's subsequent response to Plaintiff's October 2013 lawsuit threat "***does not suggest that the earlier decision was in any respect tentative.***"[21] Like the grievance of the decision to deny tenure in *Ricks*, NBME's October 2013 letter acknowledging receipt of the "courtesy copy" of Plaintiff's lawsuit was a response to Plaintiff's effort to seek "a remedy for a ***prior decision***."[22] As the Fourth Circuit held in *Martin*, NBME's October 2013 response "was merely a consequence" of its prior denial decision.[23] It was not a new actionable decision and thus did not restart the commencement of the limitations period.[24] Accordingly, Plaintiff's ADA claim is time-barred and should be dismissed.[25]

**II.   Plaintiff's Complaint fails to state facts sufficient to state an ADA claim because it does not allege facts showing Plaintiff is disabled in accordance with the ADA, and instead alleges he is disabled in comparison to individuals with similar education and training, which is not the appropriate standard under the ADA.**

---

[20] All other inferences from Plaintiff's alleged facts indicate NBME's denial of accommodations "resulted in" Plaintiff being unable to graduate from MUSC in May 2008 and Plaintiff's dismissal from MUSC. *See* Plaintiff's Complaint, ¶¶ 2, 7, 12. Consequently, Plaintiff's own allegations suggest that his claims are barred by the applicable statute of limitations, as his allegations infer that the denial of testing accommodations occurred prior to May 2008.

[21] *Del. State College v. Ricks*, 449 U.S. 250, 261 (1980) (emphasis added).

[22] *Id. at* 261 (emphasis added).

[23] *Martin v. Southwestern Virginia Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998).

[24] *Id.*

[25] Furthermore, Plaintiff makes no suggestion that his delay in filing the action was induced by Defendant NBME's conduct. *Cf., e.g., Price v. Litton Business Systems,* 694 F.2d 963, 965–66 (4th Cir. 1982) (to prevail in equitable estoppel argument, plaintiff must show either "a deliberate design by the [defendant] or ... actions that the [defendant] should unmistakably have understood would cause the [plaintiff] to delay filing his charge"). Even if Plaintiff tried to make an estoppel argument, such an argument is not available to him. Acknowledging receipt of a letter that threatens a lawsuit does not evidence a deliberate action by NBME to cause Plaintiff delay in filing his lawsuit. *Cf. Price*, 694 F.2d at 965–66 ("An employee's hope for rehire, transfer, promotion, or a continuing employment relationship-which is all that [the plaintiff] asserts here-cannot toll the statute absent some employer conduct likely to mislead an employee into sleeping on his rights.").

To state a claim under Title III of the ADA, the plaintiff must set out facts sufficient to plausibly allege he is disabled under the ADA.[26] "Disability" is defined, in relevant part, under the ADA as consisting of three parts: (1) the plaintiff suffers from a physical or mental impairment; (2) the impairment affects one or more major life activities; and (3) the impairment "substantially limits" the alleged major life activity.[27] An allegation that plaintiff has a diagnosed impairment is not sufficient to allege a "disability" within the meaning of the ADA.[28] Indeed, the fact that a plaintiff "is clinically diagnosed as having a learning impairment does not automatically mean that he is entitled to an accommodation under the ADA."[29] Whether a plaintiff sufficiently alleges facts showing he is disabled under the ADA is a question of law for the court.[30]

---

[26] *White v. Secor*, 2010 WL 4630320 (W.D. Va. Nov. 5, 2010) (providing that to state a claim under Title III of the ADA a plaintiff must show, *inter alia*, that he is disabled within the meaning of the ADA). A complaint must contain sufficient factual allegations in addition to legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (quoting *Twombly,* 550 U.S. at 570) (The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

[27] 42 U.S.C. § 12102(1); *See also Heiko v. Colombo Sav. Bank,* 434 F.3d 249, 254–56 (4th Cir. 2006) (To constitute a disability within the meaning of the ADA, a plaintiff must show "(1) that he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial[,]" as compared to an "average individual".).

[28] 29 C.F.R. § 1630.2(j) (providing that "not every impairment will constitute a disability within the meaning of [the ADA]."); *see also Love v. Law Sch. Admission Council*, 513 F. Supp. 2d 206, 226 (E.D. Pa. Mar. 9, 2007) (noting that "[a]n impairment and disability are two different things").

[29] *Id.*

[30] *See Hamilton v. Alston Wilkes Soc.*, C/A 3:07-3404-JFA, 2009 WL 778559 (D.S.C. Mar. 20, 2009) ("The question of whether a plaintiff is disabled under the ADA, and therefore can bring a claim under the statute, is a question of law for the court[.]") (citation omitted); *see also Gilreath v. N. Carolina ex rel. Cumberland Cnty. Bd. of Educ.*, 2012 WL 1219765 (E.D.N.C. Apr. 10, 2012); *Dodrill v. Alpharma, Inc.*, 2011 WL 3877076 (N.D. W.Va. July 13, 2011).

Plaintiff fails to allege facts showing that his alleged mental impairment substantially limits his major life activities of reading and learning.[31] Rather, Plaintiff's Complaint alleges in conclusory fashion that he has a "disability as defined by the ADA" and a condition that "constitutes a disability within the meaning of the ADA."[32] Plaintiff's conclusory allegations fail as a matter of law.[33] Further, Plaintiff alleges only that he is "disabled" when **compared to other medical students**.[34] This allegation is fatal to Plaintiff's ADA claim. Plaintiff must

---

[31] 29 C.F.R. § 1630.2(j) (defining "substantially limits" element of disability as recognized under the ADA); *see also* 28 C.F.R. § 36, App. C (stating that a disability is based on whether it substantially limits the individual's major life activities is determined in comparison to most people); *Herzog v. Loyola Coll. in Maryland, Inc.*, CIV. A. RDB-07-02416, 2009 WL 3271246 (D. Md. Oct. 9, 2009) (requiring the plaintiff establish that his ability to learn is substantially limited as compared to the average person); *Love*, 513 F. Supp. 2d at 226 (finding the plaintiff's learning impairment must substantially limit his ability to read so as to restrict the condition, manner, and duration, under which the plaintiff can perform the task of reading and processing information as compared to the average person in the general population performing the same activity).

[32] *See* Plaintiff's Complaint, ¶¶ 16, 21.

[33] "[C]onclusory statements with insufficient factual allegations, . . . , will not survive a motion to dismiss under Rule 12(b)(6)." *Mixon v. Charlotte-Mecklenburg Sch.*, 3:11-CV-228-MOC-DSC, 2011 WL 5075808 (W.D.N.C. Aug. 5, 2011) *report and recommendation adopted,* 3:11CV228-MOC-DSC, 2011 WL 5075622 (W.D.N.C. Oct. 26, 2011) *aff'd sub nom. Mixon v. Charlotte Mecklenburg Sch.*, 473 F. App'x 271 (4th Cir. 2012); *see Iqbal*, 556 U.S. at 678 (2009).

[34] Indeed, Plaintiff's Complaint states conclusory allegations that his "learning disability impairs his reading ability to the point that his academic performance level as measured by standardized testing is lower than that expected in comparison to most people **of similar educational background** and is a disability within the meaning the of the ADA." Plaintiff's Complaint, ¶ 2. (Emphasis added). *See also* Plaintiff's Complaint ¶¶ 13, 22–23 (alleging, in pertinent part, that Plaintiff's claimed impairment "substantially limits his activity of reading and learning, **in comparison to most people of similar education and training other medical students taking the Step 2 exams**." (emphasis added)). Plaintiff does not allege in the Complaint that his disability substantially limits his reading and learning abilities in comparison to most people in the general population, *i.e.* the average person.

8

allege facts showing he is disabled when compared to the general population.[35]  Plaintiff has not sufficiently stated a claim for violation of the ADA and his Complaint should be dismissed.[36]

Plaintiff fails to respond to these arguments.[37]  Instead, Plaintiff's Memorandum in Opposition provides only a conclusory argument that he is disabled "as that term has been

---

[35] *See Herzog*, *supra* (requiring the plaintiff to establish that his ability to learn is substantially limited as compared to the average person); *Love*, 513 F. Supp. 2d at 226 (*see also Love*, 513 F. Supp. 2d at 226 (holding that the proper comparison is to "average person in the general population can perform the same activity."); *See also* 29 C.F.R. § 1630.2(j); 28 C.F.R. § 36, App. C.

[36] *See White v. Secor*, *supra*; *Gilreath*, *supra*. *See also Parham v. Pepsico, Inc.*, 927 F. Supp. 177 (E.D.N.C. 1995) *aff'd,* 86 F.3d 1151 (4th Cir. 1996)  ("Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing litigants the burdens of unnecessary pretrial and trial activity."); *Ruffin v. N. Carolina Dep't of Correction*, 5:08-CV-521-BO, 2009 WL 8652844 (E.D.N.C. Apr. 30, 2009) *aff'd sub nom. Ruffin v. Dep't Of Corr.*, 351 F. App'x 841 (4th Cir. 2009) (dismissing the plaintiff's ADA claim because his allegations were not sufficient to show that he was regarded as disabled under the ADA).

[37] In fact, Plaintiff's Memorandum in Opposition spends a great deal of time discussing the definitions of physical and mental impairments.  However, NBME's Memorandum in Support of its Motion to Dismiss acknowledges that Plaintiff alleges he has mental impairments and that the activities of reading and learning are major life activities recognized under the ADA. See Memorandum in Support of Defendant's Motion to Dismiss, p.10.  Thus, Plaintiff's arguments on these issues are irrelevant to Defendant's Motion to Dismiss.  Further, Plaintiff cites the wrong source or states the wrong definitions in his Memorandum in Opposition. See Plaintiff's Memo. in Opp., p.5–6.  In explaining his view of "impairment," Plaintiff cites the wrong regulation. *See* Plaintiff's Memo. in Opp., p.5. (citing to 29 C.F.R. § 1630.2(i), which defines major life activities, rather than 29 C.F.R. § 1630.2(h), which defines physical and mental impairments).  Plaintiff also cites the wrong regulation in explaining the term "substantially limited." *See* Plaintiff's Memo in Opp., p.6 (citing to 28 C.F.R., pt. 36, app. B rather than 28 C.F.R., pt. 36, app. C).  Plaintiff also quotes a 2001 definition for "substantially limited" rather than the current 2012 version. *See* Plaintiff's Memo in Opp., p. 6 (citing "29 C.F.R. §1630.2(j) (2001)").

defined and construed under the ADA."[38] This conclusory assertion is as flawed as the conclusory allegations in Plaintiff's Complaint.[39]

Plaintiff argues that he is "disabled" under the ADA because he "suffers from a recognized ADA disability – a learning disability."[40] Plaintiff conflates terms "impairment" and "disability" and ignores their distinction under the ADA. Simply having a diagnosed "impairment" is not the same as having a "disability" within the meaning of the ADA.[41] This is still true under the 2008 amendments to the ADA.[42] A plaintiff must not only allege his mental impairment is one recognized as such under the ADA, but must also allege facts showing that the

---

[38] Plaintiff's Memo. in Opp., p.1.

[39] As noted above and in Defendant NBME's Memorandum in Support, Plaintiff alleges in general terms that he has a "disability as defined by the ADA" or a condition that "constitutes a disability within the meaning of the ADA." *See generally*, Plaintiff's Complaint. Such conclusory statements are legal conclusions which the Court does not have to take as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

[40] Memo in Opp., p. 2. Plaintiff further states his "Complaint plainly identifies his disabilities as ADHD and a reading disorder, both recognized ADA disabilities." *Id.*

[41] 29 C.F.R. § 1630.2(j) (providing that "not every impairment will constitute a disability within the meaning of [the ADA]."); *see also Love*, 513 F. Supp. 2d at 226 (noting that "[a]n impairment and disability are two different things").

[42] Plaintiff argues that "[d]ismissal for any factual deficiencies setting for the [his] specific disabilities would be in contravention" of the 2008 Amendments to the ADA because disability under the ADA is now required to be construed in favor of broad coverage under the statute. *See* Plaintiff's Memo. in Opp., p.2. The 2008 amendments, however, do not alter the requirement that a plaintiff allege facts showing that his impairment substantially limits a major life activity as compared to most people. Even if the 2008 amendments favor broad coverage of what facts and circumstances constitute a disability under the ADA, Plaintiff fails to allege anything but legal conclusions to support his ADA claim.

mental impairment substantially limits a major life activity **as compared to most people**.[43] This Plaintiff fails to do.

Plaintiff fails to assert any factual allegations supporting his asserted legal conclusions that he is disabled under the ADA. Specifically, Plaintiff's Complaint offers no factual allegations showing learning impairments substantially limit his learning and reading capabilities as compared to most people.[44] Plaintiff's allegations are therefore legally insufficient to withstand a motion to dismiss as a matter of law, as they are nothing more than "labels and [legal] conclusions".[45]

---

[43] *See Herzog*, *supra* (requiring the plaintiff to establish that his ability to learn is substantially limited as compared to the average person); *Love*, 513 F. Supp. 2d at 226 (*see also Love*, 513 F. Supp. 2d at 226 (holding that the proper comparison is to "average person in the general population can perform the same activity."); *see also* 29 C.F.R. § 1630.2(j); 28 C.F.R. § 36, App. C.

[44] "[C]onclusory statements with insufficient factual allegations, . . . , will not survive a motion to dismiss under Rule 12(b)(6)." *Mixon v. Charlotte-Mecklenburg Sch.*, 3:11-CV-228-MOC-DSC, 2011 WL 5075808 (W.D.N.C. Aug. 5, 2011) *report and recommendation adopted,* 3:11CV228-MOC-DSC, 2011 WL 5075622 (W.D.N.C. Oct. 26, 2011) *aff'd sub nom. Mixon v. Charlotte Mecklenburg Sch.*, 473 F. App'x 271 (4th Cir. 2012); *see Iqbal*, 556 U.S. at 678 (2009) (finding that while a court must accept as true the allegations contained in a complaint, the requirement is inapplicable to legal conclusions and, as such, a plaintiff must allege facts that support a plausible claim for relief); *Love*, 513 F. Supp. 2d at 226. *See also Gilreath*, *supra* (granting the defendant's motion to dismiss the plaintiff's ADA discrimination claim because the plaintiff failed to provide any factual allegations to support the conclusory legal assertions that he is a person who suffers from one or more impairments within the meaning of the ADA and that he is qualified individual within the meaning of the ADA); *Dodrill*, *supra* (dismissing the plaintiff's complaint because he failed to allege the necessary elements of an ADA discrimination claim where plaintiff failed to identify a major life activity that was substantially limited by his impairment as well as any facts showing a substantial limitation resulting from his impairment).

[45] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (Even though Rule 8(a)(2) does not require "detailed factual allegations," it demands more than mere "labels and conclusions", and thus, a complaint that tenders only "naked assertion[s]" devoid of "further factual enhancement" will not suffice.); *Iqbal*, 556 U.S. at 678 (2009).

In a last-ditch effort to save his Complaint, Plaintiff characterizes Defendant NBME's motion as one for summary judgment. Plaintiff is wrong. Defendant NBME's Motion to Dismiss is based, in relevant part, on Plaintiff's failure to plead sufficient facts to plausibly allege an ADA claim. Plaintiff only recites legal conclusions and definitions.[46] Mere recitation of the elements of an ADA claim and legal conclusions does not suffice to survive a motion to dismiss.[47] Plaintiff should not need discovery to plead the facts about his own condition required to establish an ADA claim.

Finally, Plaintiff argues that he should be allowed to amend the Complaint to allege facts sufficient to provide that he suffers a disability as recognized under the ADA. Plaintiff has not, however, moved to amend. As a result, no proposed amended complaint is before the Court. In *Woods v. Boeing*, the court held that the plaintiff's request to amend failed because he failed to file a proper motion to amend, and rather stated his intention to move in the last paragraph of his response to the defendant's motion to dismiss.[48] The *Woods* court specifically held:

> Plaintiff did not file a motion with the Court, but requested leave to amend in the last paragraph of his response to Defendant's motion to dismiss. Additionally, Plaintiff did not provide the Court with a

---

[46] In fact, Plaintiff fails to assert any factual allegations supporting his conclusion that his learning impairments substantially limit his learning and reading capabilities in accordance with the ADA, as required to plausibly allege a disability and thereby required to allege a claim under the ADA. Plaintiff only makes the general legal conclusion that he is disabled as defined under the ADA because he is disabled as compared to other medical students. As discussed *infra* and in NBME's Memorandum in Support of the Motion to Dismiss, that is not the requisite standard for alleging a disability necessary to state a claim under the ADA.

[47] *Twombly,* 550 U.S. at 555 (Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do."); *Iqbal*, 556 U.S. at 678 (2009) (finding that while a court must accept as true the allegations contained in a complaint, the requirement is inapplicable to legal conclusions and, as such, a plaintiff must allege facts that support a plausible claim for relief). "[C]onclusory statements with insufficient factual allegations, . . . , will not survive a motion to dismiss under Rule 12(b)(6). *Mixon*, *supra*. *See also Gilreath, supra*; *Dodrill, supra* .

[48] *Woods v. Boeing Co*., 841 F.Supp.2d 925, 930-31(D.S.C. 2012).

> proposed amended complaint or provide any explanation as to why these unidentified, "alternative claims" could not have been brought earlier. Plaintiff's request failed to qualify as a motion for leave to amend, *see* Fed.R.Civ.P. 7(b), 15(a), and the Court finds that such a request would be futile. . . . Therefore, Plaintiff's request for leave to amend is denied.[49]

There is no reason for a different result in the present case. Plaintiff mentions a request to amend on pages two and seven of his Memorandum in Opposition to NBME's Motion to Dismiss. Plaintiff does not state the additional facts he would add in his Amended Complaint to establish a disability cognizable under the ADA, nor does Plaintiff attach a proposed Amended Complaint for the Court's review. Plaintiff's request therefore fails.[50]

## **CONCLUSION**

Based on the foregoing reasoning and citation of authorities, and those cited in Defendant's Memorandum in Support, Defendant NBME respectfully requests that this Court grant its Motion to Dismiss with prejudice.

---

[49] *Id.* at 930-31, citing, *See Cozzarelli v. Inspire Pharms., Inc.,* 549 F.3d 618, 630–31 (4th Cir.2008) ("[W]e cannot say that the district court abused its discretion by declining to grant a motion that was never properly made."); *see e.g., United States ex rel. Williams v. Martin–Baker Aircraft Co.,* 389 F.3d 1251, 1259 (D.C.Cir.2004) ("While Federal Rule 15(a) provides that leave to amend shall be freely given when justice so requires, a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion with the contemplation of Rule 15(a)." (citing *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1280 (D.C.Cir.1994))).
[50] *Id.*

YOUNG CLEMENT RIVERS, LLP

By: s/Carol B. Ervin
Carol B. Ervin, Esquire, Federal ID No. 734
E-mail: cervin@ycrlaw.com
Brian L. Quisenberry, Esquire, Federal ID No. 9684
E-mail: bquisenberry@ycrlaw.com
Stephanie N. Ramia, Esquire, Federal ID No. 11783
E-mail: sramia@ycrlaw.com
P.O. Box 993, Charleston, SC  29402-0993
25 Calhoun Street, Suite 400, Charleston, SC 29401
Telephone:  (843) 724-6641
Fax:  (843) 579-1331

Attorneys for the Defendant.

Charleston, South Carolina

Dated: September 10, 2014